Wti.t, J.
This is a suit on the following instrument:
“ St. Helena, January 2, 1875.
“ On demand I promise to pay O. W. Fluker, administrator of *38 estate of Kobert Fluker, deceased, thirteen hundred and eighty-one dollars and seventy-five cents, in solvent bank money of the State of Louisiana, for value received. I also promise to pay for ten thousand pounds of seed cotton, more or less, when amount of said cotton is ascertained, at six and one-half cents per pound.
“ (Signed) AMOS KENT.”
The amount shown to be due on this contract is $1991 75, subject a credit on the second of May, 1866, of $843 50.
The defense to the suit is:
First — -The defendant gave the written obligation for purchases made by him for his wife, whom he represented at the sale of the succession property of her father, and- by law and by express agreement with plaintiff no payment of the note was to be made until definite partition of the estate.
Second — The plaintiff has no cause to demand the payment of the note in advance of a final liquidation and partition of the estate among the heirs,, because by the judgment homologating his account it appears that he has on hand ample funds to pay all the creditors of the succession.
If there were funds in the hands of the administrator sufficient to pay the debts, and if the maker of the instrument sued on was one of the heirs of Kobert Fluker, deceased, of course the demand of the plaintiff could not be enforced, because article 2625 of the Revised Code provides that, “heirs may purchase property of the succession to the amount of their proportion, and are not obliged to pay the purchase m$ney until a liquidation is had, by which it is ascertained what balance there is in their favor or against them.”
The wife of the defendant was one of the heirs of Robert Fluker, but she did not sign the evidence of debt sued on nor make the purchase.
The defendant in his testimony, which was excepted to, swears that he purchased at the succession sale to secure his wife’s rights, as heir, after ascertaining from the administrator that cash would not be required from the heirs who might purchase. “ In this matter I acted solely upon her (my wife’s) account, and not in my individual capacity. This was perfectly understood among the heirs and approved by the administrator. In this matter I had the full and perfect acquiescence of my wife. When I gave the note, it was the understanding with me and the administrator that the note was to be compensated by my wife’s interest in the estate.”
To the deception of this evidence the plaintiff took a bill of exceptions, on the ground that “ parol proof can not be admitted against or beyond what is contained in the acts, nor what may have been said *39 before or at the time of .mating them, or since.” Revised Code 2276. We think parol testimony was clearly inadmissible to prove that the wife of the defendant was the debtor in the contract executed by him, and that he signed it as her agent and not in his individual capacity; no error or mistake in executing the instrument being alleged in the answer. 8 An. 452; 19 An. 472 ; 23 An. 244; 6 Peters, 57, 60.
This testimony being excluded, there is no reason why the defendant, who was not one of the heirs of Robert Eluker, should not pay the debt he contracted with the plaintiff, the administrator of said succession, whether there is or not sufficient funds in his hands to pay the debt of the deceased. While the administrator continues in office he must discharge its duties, and collecting claims belonging to the succession is one of these. 14 An. 349.
If the plaintiff had consented, when the instrument was given in consideration of the purchase by the defendant of succession property, that the defendant would not be required to pay the debt until there was a partition of the estate among the heirs, it would not have been obligatory, because an administrator can make no contract in a matter of that kind binding on the succession, he having no right to fix the terms of selling succession property.
It is therefore ordered that the judgment herein, in favor of defendant, be annulled, and it is decreed that the plaintiff recover judgment against the defendant for nineteen hundred and ninety-one dollars and seventy-ñve cents, with legal interest from the second of January, 1865, subject to a credit of eight hundred and forty three dollars and fifty cents, on the second of May, 1866, and costs in both courts.
Rehearing refused.